In re Estate of Holley, Deceased.

(No. 30798—Decided June 30, 1975.)

Court of Common Pleas of Marion County, Probate Division.

*Mr. M. M. Carlisle & Associates* and *Mr. M. M. Carlisle*, for guardian.
*Messrs. Piacentino & Piacentino* and *Mr. George A. Piacentino*, for Administrator W. W. A.

Ruzzo, J This matter is before the court upon an application filed by the guardian of an illegitimate minor child of the decedent, requesting the court to fix a year's allow-

ance for such child, pursuant to the provisions of R. C. 2117.20. The Administrator WWA filed a motion to dismiss upon the grounds that R. C. 2105.17 does not recognize or confer upon an illegitimate child the right conferred upon a child born issue of a marriage or a child who is legitimatized pursuant to R. C. 2105.18.

The decedent died testate February 8, 1972, leaving a surviving spouse, an adult son and the applicant's ward, a 13 year old daughter. The estate appraiser had fixed a year's allowance in the amount of $3,600 for the surviving spouse.

R. C. 2117.20 provides, in part, that "* * * such allowance shall be set off to such children only when necessary for their support, taking into consideration the father's primary duty to care for his children. The probate judge may fix the year's allowance if the appraisers fail to do so * * *."

As previously noted, the applicant's ward was an illegitimate child of the decedent. R. C. 2105.17 provides that illegitimate children "* * * shall be capable of inheriting * * * from and to the mother * * *." Since the year's allowance statute is an incident to inheritance, does the fact of illegitimacy preclude the allowance? "Few cases have passed directly on the question as to whether the support of an illegitimate child is a charge upon the estate of a deceased parent, and most of these hold that the estate cannot be so charged." Annotation, 148 A. L. R. 669, support of illegitimate child as a charge upon estate of deceased parent.

The only Ohio case in point appears to be *In re Humbert* (1938), 27 Ohio Law Abs. 252, wherein the Probate Court of Montgomery County held that the term "children" as used in G. C. 10509-74 (now R. C. 2117.20) includes "* * * legitimate children only * * * where the paternity of the child has never been established."

In *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228, the Ohio Supreme Court, reviewing in some depth the status of illegitimate children stated, at page 234: "* * * [A]s of today, the illegitimate enjoys a statutory recognition and

a status as nearly equal to that of his legitimate counterpart as his circumstances will permit."

The full force and effect of the foregoing decision, as well as that rendered in *Stanley* v. *Illinois* (1972), 405 U. S. 645, may well be to accord full status to illegitimate children notwithstanding R. C. 2105.17.

The rationale of the *Stanley* case indicates that the Equal Protection Clause of the Fourteenth Amendment will be invoked to extend to an illegitimate child the right to enforce support from the estate of the deceased father. At page 652, the court cites *Glona* v. *American Guarantee Co.* (1968), 391 U. S. 73, 75-76: "To say that the test of equal protection should be the 'legal' rather than the biological relationship is to avoid the issue. For the Equal Protection Clause necessarily limits the authority of a state to draw such 'legal' lines as it chooses."

Moreover, in *Humbert* the paternity of the father had never been legally established. In the instant case, a paternity action was held in the Juvenile Court of Scioto County, Ohio, and the entry of that court, entered on February 6, 1962, recited that "The defendant, confessed in court that the charge of the complaint herein is true, he is thereupon adjudged the reputed father of the said child * * *."

While such "confession" may not contain the formal attributes of a declaration of paternity as contemplated by R. C. 2105.18, nevertheless it is a valid judgment rendered by a court of record and as such entitled to as much finality as an ex parte declaration.

This court is of the opinion that under the facts of this particular case, the child is entitled to an allowance for support pursuant to R. C. 2117.20. The matter will be assigned for an evidentiary hearing for the purpose of determining the amount to be awarded.*

*Judgment accordingly.*

---

*The parties subsequently negotiated a settlement as to the amount of the award.